IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |  |
|---|---|---|
| MIRROR METALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 21-00144 |
| UNITED STATES, | ) ) ) | |
| Defendant, | ) ) | |

ORDER

Upon consideration of defendant's consent motion for voluntary remand for reconsideration of the exclusion requests at issue in this case, it is hereby

ORDERED that defendant's motion is granted, and that this matter is remanded to the United States Department of Commerce for reconsideration of the exclusion requests; and it is further

ORDERED that Commerce shall have 150 days from the date of this order to file remand results with the Court; and it is further

ORDERED the parties shall file a joint status report stating how the parties believe this matter should proceed, and, if necessary, a proposed scheduling order (including for filing the administrative record), no later than 14 days after Commerce files the remand results.

_____
JUDGE

Dated: _____, 2021
       New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| MIRROR METALS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 21-00144 |
| UNITED STATES, | ) |
| Defendant, | ) |

### DEFENDANT'S CONSENT MOTION FOR VOLUNTARY REMAND

Defendant, the United States, respectfully requests that the Court remand this action to the United States Department of Commerce. The agency wishes to reconsider its final decisions denying the exclusion requests of Mirror Metals, Inc. (Mirror Metals) as to the President's decision to restrict imports under Section 232 of the Trade Expansion Act of 1962, as amended, 19 U.S.C. § 1862 (Section 232). If this motion is granted, Commerce intends to reconsider Mirror Metals' exclusion requests and, where necessary, provide additional explanations for its decisions. Commerce will issue a new decision either: (1) granting the requests and excluding the product from the scope of the Section 232 measure on steel imports; (2) denying the requests; or (3) some combination of both. Counsel for defendant has consulted with counsel for Mirror Metals, who consents to this motion.

### BACKGROUND

Pursuant to authority granted to the President under Section 232, Proclamation 9705 established a 25 percent tariff on imports of most steel products. *Adjusting Imports of Steel Into the United States, Proclamation No. 9705 of March 8, 2018*, 83 Fed. Reg. 11,625 (Mar. 15,

2018).  In implementing the steel tariff, the President "authorized [Commerce] to provide relief from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" "and []also []to provide such relief based upon specific national security considerations."  *Proclamation No. 9705*, 83 Fed. Reg. at 11,627.

This case involves 45 exclusion requests concerning flat-rolled stainless steel products that Mirror Metals characterizes as a type of steel used in large-scale architectural projects.  *See* Compl. ¶¶ 3-4.  Some or all of three domestic objectors—TSA Processing, North American Stainless, and AK Steel Corporation—objected to each of Mirror Metals' exclusion requests.  *Id.* ¶ 33.  Commerce denied Mirror Metals 45 requests on various grounds.  *Id.* ¶ 58. The predominant grounds for denial was that the quality and quantities of products Mirror Metals sought were domestically available.  *Id.* ¶¶ 58-63.  But as to 11 of Mirror Metals' exclusion requests, Commerce issued denials (at least in part) on the grounds that Customs & Border Protection (CBP) had advised that "the product description[s]" in those requests were "inconsistent with the claimed classification under the Harmonized Tariff Schedule of the United States [(HTSUS)]…."  *Id.* ¶ 59.

Mirror Metals alleges that the "decisions denying Mirror Metals' requests" are "conclusory" "with no reasoning or analysis," *id.* ¶ 11, and adds that Commerce improperly handled the exclusion process by engaging in "undocumented, *ex parte* communications" with objectors, *id.* ¶ 12.  Mirror Metals further contends that Commerce's decision to deny 11 of its exclusion requests on the grounds that its product descriptions were "inconsistent with the claimed classification" under the HTSUS without first providing notice or an opportunity to cure those requests renders its determinations "arbitrary, capricious and unreasonable."  *Id.* ¶ 61.

Based on its initial review of the matter, and without confessing error, Commerce has determined that it is appropriate and in the interest of judicial efficiency and economy to reconsider its denials. In assessing the correctness of Commerce's original decision, Commerce will engage in a new and independent review of the record—consisting of the original exclusion requests, the parties' original objections, rebuttals and sur-rebuttals, and any other information that the decision-maker considers—thereby removing disputes concerning what information the decision-maker considered at the time these decision were made, or that the agency considered *ex parte* information. In doing so, Commerce intends to reassess its decision, ensure that its decision addresses all record evidence (including evidence that detracts from its conclusion, if any), and provide additional reasoning, as appropriate, based on Commerce's reconsidered decision.

Moreover, for the 11 exclusion requests Commerce denied due, at least in part, to product description and classification issues under the HTSUS, Commerce intends to permit plaintiff a reasonable amount of time on remand to resolve these issues with CBP. Should plaintiff resolve the inconsistency between the HTSUS code under which exclusion was sought and the product identified in the exclusion request, Commerce will then issue a new determination based on that resolution.

ARGUMENT

Remanding this matter is appropriate. Voluntary remand is consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)). "When an agency action is reviewed by the courts, . . . the agency may

request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  Indeed, under the circumstances here, which involve weighing competing interests and evidence from disparate sources, "a remand to the agency is required, absent the most unusual circumstances verging on bad faith." *Id.* at 1029-30 (reversing trial court's decision to deny remand); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *SKF*, 254 F.3d at 1029.  Commerce's concerns are substantial and legitimate when: (1) "Commerce provided a compelling justification for its remand request," (2) "the need for finality – although an important consideration – does not outweigh the justification for voluntary remand presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005); *see also Changzhou Hawd Flooring Co., Ltd. v. United States*, 6 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2014) (indicating that Court "will deny a request that is 'frivolous or in bad faith'" (quoting *SKF*, 254 F.3d at 1029)).

Our request in this case meets that standard.  First, we seek a voluntary remand for Commerce to reassess its decision and to ensure that it appropriately addresses the record evidence.  This constitutes a compelling justification.  *Cf. Baroque Timber Indus. (Zhongshan) Co., Ltd. v. Untied States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013) ("Clarifying and correcting a potentially inaccurate determination is a compelling justification.") (citation omitted).  Second, Commerce's justification is not outweighed by the need for finality.  *See id.*

4

Indeed, Mirror Metals challenges Commerce's denial of its exclusion requests. *See* Compl. Prayer for Relief. On remand, Commerce could grant the relief that Mirror Metals seeks. Thus, "remanding for reconsideration now essentially expedites relief that [the plaintiff] seeks and may obviate the necessity for remand (or, perhaps, any proceedings) later." *Borusan Mannesmann Pipe U.S. Inc. v. United States*, No. 20-00012, 2020 WL 3470104, at *4 (June 25, 2020). Should Commerce grant Mirror Metals' requests on remand, the one-year exclusion will be retroactive to the date Mirror Metals' requests for exclusion were accepted by Commerce. *See Proclamation 9777 of August 29, 2018, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 45,026, cl. 5 (Sept. 4, 2018). Third, the scope of the request is appropriate to the issues that have been raised. Commerce intends to reconsider all aspects of the exclusion request record and decision.

Commerce estimates that 150 days is necessary to reconsider these 45 exclusion requests. This period includes the amount of time necessary for Mirror Metals to confer with CBP, as necessary, and to resolve its HTSUS administrability issues with respect to the 11 exclusion requests that were denied, at least partly, on those grounds. In seeking this amount of time, Commerce has considered its limited resources, and its ongoing statutory obligations. In particular, there are currently over 19,000 pending exclusions requests before Commerce, which in general, Commerce must decide in 106 days. The Government, on behalf of Commerce, has already requested remands in at least nine other cases,[1] some of which this Court has already

---

[1] Seven of these cases were directed to Court-ordered mediation, and briefing and/or ruling on our requests for voluntary remand have been stayed as a result. But they cover about 1,000 exclusion requests and those cases will return to active status if they are returned to the presiding judge. *See Allegheny Technologies Incorporated, et al. v. United States*, No. 20-03923 (Ct. Int'l Trade); *AM/NS Calvert LLC v. United States*, No. 21-00005 (Ct. Int'l Trade); *California Steel Industries, Inc. v. United States*, No. 21-00015 (Ct. Int'l Trade); *North American Interpipe, Inc. v. United States*, No. 20-03825 (Ct. Int'l Trade); *Valbruna Slater Stainless, Inc. v.*

granted.  *E.g.*, *CPW America Co. v. United States*, No. 21-00335 (Ct. Int'l Trade); *Maple Leaf Marketing, Inc. v. United States, et al.*, No. 20-00125 (Ct. Int'l Trade) (remand results provided on Nov. 1, 2021).  These and other competing obligations necessitate that we seek a sufficient amount of time to ensure our remand obligations are met in each case.

In sum, a remand will foster the just, speedy, and inexpensive resolution of this case.  USCIT R. 1.  Remand will also conserve judicial resources on a matter that may well be mooted or resolved by the agency action in this matter.  Commerce's request is thus substantial and legitimate, and the Court should grant it.

If the Court were to deny our motion, we respectfully request that the Court provide 30 days from the date of denial for the Government to respond to the complaint and file the administrative record in this matter.

## CONCLUSION

For these reasons, we respectfully request that the Court remand this case to Commerce consistent with our proposed order.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

---

*United States*, No. 21-00027 (Ct. Int'l Trade); *Evraz Inc. NA v. United States*, No. 20-03869 (Ct. Int'l Trade); *Voestalpine High Precision Metals v. United States*, No. 21-00093 (Ct. Int'l Trade).

6

                                        /s/ Meen Geu Oh
                                        MEEN GEU OH
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0184
E-mail: Meen-Geu.Oh@usdoj.gov

November 19, 2021          *Attorneys for Defendant United States*